**IN THE COURT OF APPEALS OF IOWA**

No. 15-1337
Filed February 24, 2016

**IN THE INTEREST OF C.V.,**
**Minor Child,**

**S.V., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

The father appeals the termination of his parental rights.  **AFFIRMED.**

William E. Sales III of Sales Law Firm, P.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Karl Wolle of the Juvenile Public Defender's Office, Des Moines, for minor child.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

The juvenile court terminated the father's rights in his child, C.V., pursuant to Iowa Code section 232.116(1)(b), (d), (e), and (h) (2015). At the time of the termination hearing, held in May 2015, the father was incarcerated. He had not had any contact with the child since December 2013, when the child was still an infant. The father conceded at the termination hearing that the child was removed from his care, prior to the time the father was incarcerated, because he was an unfit parent. He also conceded the child could not be returned to his care at the time of the termination hearing due to his incarceration. Nonetheless, the father timely filed this appeal.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). While giving weight to the findings of the juvenile court, our statutory obligation to review termination proceedings de novo means our review is not a rubber stamp of what has come before. We will uphold an order terminating parental rights only if there is clear and convincing evidence of grounds for termination. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is clear and convincing when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *See id.*

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has been established. *See id.* Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if

proceeding with termination is in the best interests of the child. *See id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude termination. *See id.* at 41.

The father asserts it was not in the child's best interest to terminate the father's parental rights. The father does not identify any reason why maintaining his parental rights is in the best interest of the child. *See In re D.W.*, No. 14-0545, 2014 WL 2600358, at *2 (Iowa Ct. App. June 11, 2014) (affirming order terminating parental rights where father contended termination was not in the child's best interest but did not identify any reason why maintaining the parent-child relationship was beneficial to the child). Regardless, on de novo review, after review of the relevant statutory factors, we conclude the State has proved termination of the father's rights is in the best interest of the child. The father has significant criminal history. He served a lengthy term of incarceration prior to the child's birth, committed new offenses after his release, and was re-incarcerated shortly after the child's birth. The father has a history of substance abuse that renders him unable to care for the child even if he were not incarcerated.

The father also contends the juvenile court should have declined to terminate his parental rights because the child was placed in the custody of the child's mother. Section 232.116(3)(a) provides the court need not terminate the parent-child relationship if a "relative has legal custody of the child." The provision is permissive and not mandatory. *See In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997) ("An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family

relative to take the child. The child's best interests always remain the first consideration."); *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011) (stating this provision is permissive and not mandatory). Under the facts and circumstances of this case, we see no reason to preserve the parent-child relationship. The father admitted he was an unfit parent, admitted he has not seen the child for a significant period of time, admitted the child was so young at the time of the father's incarceration that the child would not recognize him, and admitted he and the child have no bond.

The judgment of the district court is affirmed.

**AFFIRMED.**